**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Pedro ALEGRIA–GONZALEZ,**
aka Carlos Alfredo Alegria,
Defendant–Appellant.

No. 08–10123.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 9, 2009.

Ronald C. Rachow, Esquire, USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esquire, Assistant Federal Public Defender, FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before GOODWIN, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Pedro Alegria–Gonzalez appeals from the 41–month sentence imposed following his guilty-plea conviction for unlawful reentry by a deported, removed, and/or

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

excluded alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Alegria–Gonzalez contends that the district court procedurally erred in fashioning his sentence by failing to meaningfully consider his arguments and the factors listed in 18 U.S.C. § 3553(a). We conclude that the district court did not procedurally err. *See United States v. Carty,* 520 F.3d 984, 995 (9th Cir.2008) (en banc).

Alegria–Gonzalez also contends based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *Almendarez–Torres v. U.S.,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law and that the judicial factfinding used to increase his sentence pursuant to 8 U.S.C. § 1326(b) violated the Fifth and Sixth Amendments. These contentions are foreclosed. *See United States v. Becerril–Lopez,* 541 F.3d 881, 893 (9th Cir.2008).

Finally, Alegria–Gonzalez contends that the fact of his prior qualifying conviction and the fact of his prior removal were not alleged in the indictment. We conclude that any error was harmless. *See United States v. Calderon–Segura,* 512 F.3d 1104, 1111 (9th Cir.2008).

**AFFIRMED.**